BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00057-JAM-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $233,787.00 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 1010216755170, | |
| APPROXIMATELY $52,631.60 SEIZED FROM GOLDEN 1 CREDIT UNION ACCOUNT NUMBER 1202754, | |
| APPROXIMATELY $14,469.24 SEIZED FROM CALIFORNIA COMMUNITY CREDIT UNION ACCOUNT NUMBER 14240, | |
| APPROXIMATELY $5,853.37 SEIZED FROM SCHOOLS FINANCIAL CREDIT UNION ACCOUNT NUMBER 30746521, | |
| APPROXIMATELY $6,158.20 SEIZED FROM SCHOOLS FINANCIAL CREDIT UNION ACCOUNT NUMBER 30746520, and | |
| APPROXIMATELY $28,696.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about October 8, 2013, detectives with the Sacramento County Sheriff's

1

Department seized the following assets:

    a.    Approximately $233,787.00 seized from Wells Fargo Bank account number 1010216755170,

    b.    Approximately $52,631.60 seized from Golden 1 Credit Union account number 1202754,

    c.    Approximately $14,469.24 seized from California Community Credit Union account number 14240,

    d.    Approximately $5,853.37 seized from Schools Financial Credit Union account number 30746521,

    e.    Approximately $6,158.20 seized from Schools Financial Credit Union account number 30746520, and

    f.    Approximately $28,696.00 in U.S. Currency (hereafter collectively the "defendant funds").

2.    The Drug Enforcement Administration ("DEA") adopted the assets for federal forfeiture on November 8, 2013.  The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 24, 2014, the DEA received claims from Dale Garrett, Debora Ann Garrett, Damien Anthony Diaz, and Gabriel Joseph Diaz ("claimants") asserting ownership interests in the defendant funds.

3.    The United States represents that it could show at a forfeiture trial that in 2013, the Sacramento County Sheriff's Department investigated Benjamin Macias ("Macias") for distribution of marijuana in the greater Sacramento Area.  The investigation revealed that Macias was connected to active marijuana grows in several houses in Sacramento owned by his mother, Debora Garrett.

4.    The United States represents that it could show at a forfeiture trial that on October 8, 2013, detectives with the Sacramento County Sheriff's Department Regional Gang Task Force executed state search warrants at two Sacramento residences connected to Macias:  5812 Corte Leon Way and 6800 Roble Way.  At 6800 Roble Way, detectives found approximately 152 pounds of processed marijuana, pay/owe sheets, a vacuum sealer, packaging materials, digital scales, a money counter, approximately $951 in cash, and a handgun with a loaded magazine.  Macias was at the house when it was searched and admitted to living at 6800 Roble Way.  Macias also claimed to be a medicinal marijuana user and detectives observed that Macias' marijuana recommendation was posted at the residence.  Detectives confirmed that Macias' mother, Debora Garrett, owned the home.

5.      The United States could further show at a forfeiture trial that at 5812 Corte Leon Way, detectives found approximately 46 pounds of processed marijuana, approximately $1,677 in cash, a digital scale, packaging materials, and a semi-automatic handgun with a loaded magazine.  Two individuals, Sergio Mercado ("Mercado") and Austin Rice ("Rice"), were at the house when it was searched and admitted to living at 5812 Corte Leon Way.  Mercado is a friend of Macias; Rice is Mercado's college friend.  Detectives confirmed that Macias' mother, Debora Garrett, owned the home.  Detectives also confirmed that SMUD records identified Debora Garrett as the user on each account, and that the utility bills were extraordinarily high.

6.      The United States could further show at a forfeiture trial that based on information gathered during the searches, detectives identified two other Sacramento homes owned by Debora Garrett, 5816 Corte Leon Way and 2330 Cashaw Way.  State search warrants were also executed at these homes on October 8, 2013.  At 5816 Corte Leon Way, detectives found the defendant $28,696.00 in U.S. Currency, a digital scale, a handgun with a loaded magazine, and financial records showing about $1.1 million on deposit.  At 2330 Cashaw Way, detectives found no drugs or money, but they believe it had been used as a marijuana grow house previously.  Detectives observed rooms with holes cut in the ceiling, empty planter boxes on the floor in various rooms, and the entire house smelled of dried marijuana.

7.      The United States could further show at a forfeiture trial that based on the financial documents seized and alleged marijuana trafficking, detectives seized funds from the above-listed five bank accounts from claimants.  Following the searches, detectives conducted criminal history searches on Macias, Debora Garrett, and Mercado.  Macias had a long criminal history involving violence and drugs.  Neither Garrett nor Mercado had a criminal history.  As a result of the searches, Macias was charged with drug possession in state court.

8.      The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9.      Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant

funds. Claimants acknowledge that they are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. Upon entry of this Consent Judgment of Forfeiture, $100,000.00 of the Approximately $233,787.00 seized from Wells Fargo Bank account number 1010216755170 and Approximately $28,696.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

15. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following assets shall be returned to potential claimants Dale Garrett, Debora Ann Garrett, Damien Anthony Diaz, and Gabriel Joseph Diaz through their attorney Mark Reichel:

    a. $133,787.00 of the Approximately $233,787.00 seized from Wells Fargo Bank account number 1010216755170,

    b. Approximately $52,631.60 seized from Golden 1 Credit Union account number 1202754,

    c. Approximately $14,469.24 seized from California Community Credit Union account number 14240,

    d. Approximately $5,853.37 seized from Schools Financial Credit Union account number 30746521, and

    e. Approximately $6,158.20 seized from Schools Financial Credit Union account number 30746520.

16. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

19. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

DATED: 10/30/2015_____      /s/ John A. Mendez_____
                 JOHN A. MENDEZ
                 United States District Court Judge